# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CANADIAN PACIFIC RAILWAY COMPANY, et al., | )<br>)<br>) |
| Appellants, | )<br>) |
| | )    1:17-cv-00278-JDL |
| v. | )<br>) |
| ROBERT J. KEACH, in his capacity as estate representative of the post-effective date estate of Montreal, Maine & Atlantic Railway, Ltd., | )<br>)<br>)<br>)<br>) |
| Appellee. | ) |

## ORDER DENYING APPELLANT'S MOTION SEEKING INTERLOCUTORY APPEAL

In July of 2013, a freight train operated by the Montreal Maine & Atlantic Railway, Ltd. ("MMA"), including its 72 carloads of crude oil, derailed in the town of Lac-Megántic, Quebec, leading to a series of explosions that destroyed part of the downtown area and killed 47 people. The next month, MMA filed a chapter 11 Bankruptcy proceeding in this District and simultaneously sought similar protection in Canada. In January 2014, Robert Keach, then acting as the chapter 11 trustee of the MMA estate, commenced an adversary proceeding against multiple defendants who are no longer parties to the action. In January 2015, Keach filed an Amended Complaint which added Appellant Canadian Pacific Railway Company as a defendant.

In September 2016, Keach, now in his capacity as the estate representative of the estate of MMA (the "Estate Representative"), filed a Third Amended Complaint

in the U.S. Bankruptcy Court against Canadian Pacific Railway Company and Soo Line Railroad Company (collectively, "CP"). Keach alleged claims for negligence (Count One); breach of contract/warranty (Count Two); negligent misrepresentation (Count Three); and disallowance of CP's proof of claim in the underlying bankruptcy involving MMA (Count Four). CP subsequently moved to dismiss the Third Amended Complaint on grounds of *forum non conveniens* and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In July 2017, the Bankruptcy Court issued an interlocutory order granting CP's motion in part as to the Breach of Contract/Warranty Claims, but denied it as to the remaining counts.

This matter is before me on CP's motion (ECF No. 7) seeking leave to appeal from the Bankruptcy Court's interlocutory order. CP's motion invokes the District Court's jurisdiction "to hear appeals . . . with leave of the court, from interlocutory orders and decrees" of bankruptcy judges established in 28 U.S.C.A. § 158(a)(3) (2017). In the alternative, CP's motion urges me to exercise the District Court's jurisdiction to review, "with leave of the court, [the] interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred . . . under section 157 of this title." *Id*. Section 157 refers to 28 U.S.C.A. § 157(c)(1) (2017), which authorizes bankruptcy judges to submit proposed findings of fact and conclusions of law to the District Court in "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" of the United States Code ("Title 11" or the "Bankruptcy Code"). *Id*.

For the reasons explained below, I reach two conclusions: First, CP's motion invokes the District Court's appellate jurisdiction established in § 158(a)(3), and does not invoke the related jurisdiction to consider proposed findings of fact and conclusions of law in non-core proceedings. Second, CP has not demonstrated that leave to appeal from the Bankruptcy Court's interlocutory order is warranted. Thus, I deny the motion.

## I. LEGAL ANALYSIS

### A. Jurisdiction

U.S. District Courts have jurisdiction over appeals from final judgments, orders, and decrees of the Bankruptcy Courts, 28 U.S.C.A. § 158(a)(1) (2017), including the discretion to hear appeals taken from the interlocutory orders and decrees, *id.* at § 158(a)(3). S*ee also In re Jackson Brook Inst., Inc.,* 280 B.R. 1, 4 (D. Me. 2002). Section 158(a)(3) provides:

> The district courts of the United States shall have jurisdiction to hear appeals with leave of the court, from . . . interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C.A. § 158(a)(3).

In a "core proceeding" before a Bankruptcy Court—one arising under the Bankruptcy Code, Title 11—appellate review of an interlocutory order or decree is, as provided in § 158(a)(3), "with leave of court." 28 U.S.C.A. §§ 157(b)(1), § 158(a)(3). *See also Stern v. Marshall,* 564 U.S. 462, 474 (2011). The same standard applies in a non-core proceeding—one that does not "arise under" Title 11 but is merely "related to" a case under Title 11. §§ 157(b)(1), 157(c)(1); *Stern,* 564 U.S. at 474. In non-core

proceedings, the Bankruptcy Court submits proposed findings of fact and conclusions of law to the District Court, which then enters a final judgment after reviewing *de novo* any matter to which a party objects. § 157(c)(1).

Where, as here, the Bankruptcy Court issues an order or decree in a non-core proceeding that dismisses some, but not all of the claims, the order is interlocutory. *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998). Section 158(a)(3) provides that appeals from interlocutory orders and decrees in "cases and proceedings referred to the bankruptcy judges under section 157 of this title," such as non-core proceedings referred to the bankruptcy judge, are also subject to "leave of court." In short, appellate review of an interlocutory order of the Bankruptcy Court, whether it is an interlocutory order entered in a core proceeding or in a non-core proceeding, is only permitted "with leave of court," as stated in § 158(a)(3).

CP contends that the Bankruptcy Court's order granting in part and otherwise denying its motion to dismiss is not an "order" of the Bankruptcy Court for purposes of § 158(a)(3), but is instead "proposed findings of fact and conclusions of law" under section 157(c)(1). Therefore, CP argues, it is subject to *de novo* review in the District Court without leave of court. This argument is contrary, however, to the plain and unambiguous language of § 158(a)(3), which recognizes that Bankruptcy Courts may enter "interlocutory orders and decrees" in non-core proceedings, i.e., "cases and proceedings referred to bankruptcy judges under section 157." § 158(a)(3). Such "interlocutory orders and decrees" are not "proposed findings of fact and conclusions

4

of law" pursuant to § 157(c)(1) that may result in the entry of a final order or judgment.[1]

Thus, because the Bankruptcy Court issued an interlocutory order not a proposed finding of fact and conclusions of law, the District Court's jurisdiction arises "with leave of court," regardless of whether this is a core or non-core proceeding.

**B.     Factors Relevant to Interlocutory Appeals**

Having established that interlocutory review in this case is only available with leave of the court, I turn to consider the standards by which that judicial discretion is exercised. Although § 158(a)(3) establishes the District Court's jurisdiction to hear interlocutory bankruptcy appeals, it does not set forth standards or criteria for deciding when that jurisdiction should be exercised. *In re Bank of New England Corp.,* 218 B.R. at 652. Courts have therefore turned to the analysis used under 28 U.S.C.A. § 1292(b) (2017), the statute governing the certification of interlocutory appeals from orders of the district courts to the circuit courts of appeal. *Id.* (citation omitted). *See also BancBoston Real Estate Capital Corp. v. JBI Assoc. Ltd. P'ship (In re Jackson Brook Inst., Inc.),* 227 B.R. 569, 581 (D.Me. 1998) ("a district court may exercise jurisdiction over an interlocutory order of a bankruptcy court if leave to hear the appeal is granted . . . most courts borrow the factors considered under section

---

[1] The parties dispute and have briefed related questions such as whether CP impliedly consented to the Bankruptcy Court determining the motion to dismiss. *See Wellness Int'l Network, Ltd. v. Sharif,* 135 S.Ct. 1932, 1947-48 (2015) (concluding that a Bankruptcy Court may enter orders in a non-core proceeding with the consent of all parties, and that explicit consent is not required–parties may impliedly consent as long as they do so knowingly and voluntarily). I do not address and resolve the other related questions because, for the reasons I have discussed, § 158(a)(3) provides jurisdiction for this appeal from the Bankruptcy Court's order regardless of whether this is a core or non-core proceeding, and regardless of whether CP consented to the Bankruptcy Court's determination of the motion to dismiss.

1292(b)"); *Carr v. Carr (In re Meridian Med. Sys., LLC)*, Case No. 2:16-cv-00038-DBH, 2016 WL 3221558, at *3 (D.Me. June 10, 2016).

Under § 1292(b), leave to appeal an interlocutory order is appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Caraballo-Seda v. Municipality of Hormigueros,* 395 F.3d 7, 9 (1st Cir. 2005). A district court's discretion to certify an interlocutory appeal under § 1292(b) is used "sparingly and only in exceptional circumstances." *Id. See also In re Jackson Brook Inst.,* 227 B.R. at 581 (citation omitted). For interlocutory bankruptcy appeals, however, "a more pragmatic and liberal approach" has been recognized and the standard is "somewhat loosened" as compared with § 1292(b). *Id. In re Jackson Inst.*, 227 BR at 582 (citing *N.E. Savings, F.A. v. Geremia (In re Kalian),* 191 B.R. 275, 278 (D.R.I. 1996)). Notwithstanding this loosened standard, the exceptions are treated as "narrowly limited in order to avoid piecemeal review." *Quiros Lopez v. Unanue Casal (In re Casal),* 998 F.2d 28, 31 (1st Cir. 1993). I turn to consider the three factors as applied to this case.

1. **Controlling Question of Law**

A controlling question of law is an issue "embodied in an order which, if reversed, would terminate the action." *In re Jackson Brook Inst., Inc. ("Jackson Brook II"),* 280 B.R. 1, 5 (D.Me. 2002) (quoting *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24-25 (2d Cir. 1990)). A question of law may be controlling if reversal on interlocutory appeal "might save time for the district court, and time and expense for

the litigants." *Ashmore v. Ne. Petroleum Div. of Cargill, Inc.,* 855 F. Supp. 438, 440 (D. Me. 1994) (quoting 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3930 at 159-60 n.12 (1977 and 1994 supplement)). If a party can be successful on alternative grounds or asserted theories that are not controlled by a question of law, then the question asserted is not controlling. *Jackson Brook II,* 280 B.R. at 5 (citing *Sandler v. Eastern Airlines, Inc.,* 649 F.2d 19, 20 (1st Cir. 1981)).

CP asserts that a controlling question of law exists because the Bankruptcy Court concluded that the Estate Representative's factual allegations were plausible and not subject to dismissal pursuant to Rule 12(b)(6). CP also argues that the Bankruptcy Court determined the *forum non conveniens* issue without regard to CP's evidentiary needs, without considering CP's ability to implead or call crucial Canadian witnesses, and without taking into account certain unnamed First Circuit legal authority holding that a *forum non conveniens* dismissal would best serve the ends of justice.

In making its argument that the *forum non conveniens* doctrine represents a controlling question of law in this case, CP has set forth its reasons for disagreeing with the Bankruptcy Court's decision, but has failed to support its assertion that reversing the Bankruptcy Court's ruling in an interlocutory appeal will either terminate the action or otherwise save time and expense for the parties and the court. *Ashmore,* 855 F. Supp. at 440; *Jackson Brook II,* 280 B.R. at 5. While CP cites numerous cases for the proposition that a § 1292(b) appeal from an adverse *forum non conveniens* decision is appropriate, *see* ECF No. 10 at 6 n.11, this point is not in contention. None of the cited cases support the notion that a district court should

more readily exercise its discretion under § 1292(b) or § 158(a)(3) simply because the issue in dispute relates to the *forum non conveniens* doctrine.

For example, in the first case cited by CP, *Van Cauwenberghe v. Biard,* 486 U.S. 517, 529-30 (1988), the Supreme Court held that an order denying a motion to dismiss on *forum non conveniens* grounds is not subject to appeal as a final judgment. Instead, a defendant who has been denied a *forum non conveniens* dismissal must seek interlocutory certification under 28 U.S.C. § 1292(b). *Id.* While the Court observed that "in certain cases, the *forum non conveniens* determination will not require significant inquiry into the facts and legal issues," this observation did not change or lessen the requirement that a party seeking interlocutory review must satisfy the § 1292(b) factors, nor suggest that any factors are satisfied simply because a party argues for dismissal based upon the doctrine of *forum non conveniens*. *See id.*

In another case cited by CP, *Gonzalez v. Naviera Neptuno AA,* 832 F.2d 876, 881 (5th Cir. 1987), the Fifth Circuit concluded that the district court erred in not dismissing the case for *forum non conveniens* and noted that the district court did not "carefully state in detail" its reasoning. The Fifth Circuit urged trial judges "to put on the record adequate detailed reasons for action in granting or denying motions to dismiss for *forum non conveniens*[.]" *Id.* The lack of "adequate detailed reasons" in the District Court's denial of the motion to dismiss was the focus of the Fifth Circuit's opinion, and it is through this lens that the court's admonishment that "judges should be hospitable to applications for Interlocutory Appeals under" § 1292(b) should be read. *See id.* Moreover, the Fifth Circuit recognized that the decision to certify "is

8

within the considered discretion of the trial judge" and that "we cannot direct that all *forum non conveniens* issues be certified" for interlocutory appeal. *Id.* at n.5. Thus, while *Gonzalez* supports the proposition that a § 1292(b) interlocutory appeal may be appropriate where a motion to dismiss for *forum non conveniens* has been denied, it does not address the § 1292 factors and sheds no light on whether those factors have been satisfied by CP in this case. Likewise, in *Ford v. Brown,* 319 F.3d 1302, 1304 n.2 (11th Cir. 2003), the Eleventh Circuit observed that interlocutory review of the denial of a motion to dismiss based upon the *forum non conveniens* doctrine may be available pursuant to § 1292(b), but the court did not address whether the doctrine of *forum non conveniens* necessarily raises a controlling question of law or otherwise satisfies the § 1292(b) factors.[2]

CP's 12(b)(6) argument fares no better because it is predicated on the complaint's factual allegations, whereas a controlling question of law typically involves "a pure legal principle that can be resolved without extensive consultation to the record." *Meijer, Inc. v. Ranbaxy, Inc.,* 245 F. Supp. 3d 312, 315 (D. Mass. 2017); *see also Ahrenholz v. Bd. of Tr. of Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir. 2000) (noting that a controlling question of law usually involves "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.").

---

[2] CP cites three additional cases, two of which, *Friends for All Children, Inc. v. Lockheed Aircraft Corp.,* 717 F.2d 602, 603 (D.C. Cir. 1983) and *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1241-42 (7th Cir. 1990), acknowledge that the underlying cases had been certified by the district court for interlocutory review under § 1292(b). However, neither case contains any discussion of the statute or its factors for granting interlocutory review. *See id.* The third case cited by CP, *Tuazon v. Reynolds Tobacco Co.,* 433 F.3d 1163, 1168 (9th Cir. 2006), contains no mention of § 1292(b) at all.

Therefore, the first § 1292 factor does not support an interlocutory appeal in this case.

## 2. Substantial Ground for a Difference of Opinion

A substantial ground for a difference of opinion occurs only in "rare cases" where an interlocutory appeal presents one or more "difficult and *pivotal* questions of law not settled by controlling authority." *In re Bank of New England Corp.,* 218 B.R. at 653 (quoting *McGillicuddy v. Clements,* 746 F.2d 76, 76 n.1 (1st Cir. 1984) (internal quotation marks omitted) (emphasis in original)); *see also Watson v. Boyajian (In re Watson),* 309 B.R. 652, 660 (B.A.P. 1st Cir. 2004). The § 1292(b) standard requires a level of difficulty and significance beyond mere "garden variety legal argument." *Id.* (citing *Pacamor Bearings, Inc. v. Minebea Co., Ltd.,* 892 F. Supp. 347, 361-62 (D.N.H. 1995)). The critical question in determining whether an interlocutory appeal is warranted is whether there is "a substantial ground for a difference of opinion with respect to issues of law raised by the parties [and] not whether the plaintiffs disagree with the court's ruling." *In re: Meridian Med. Sys., LLC,* 2016 WL 3221558, at *3 (D. Me. June 10, 2016) (quoting *Hidalgo-Vélez v. San Juan Asset Mgmt., Inc.,* 2013 WL 1089745, at * 5 (D.P.R. Mar. 15, 2013)).

CP argues that the Bankruptcy Court's refusal to dismiss Counts I, III, and IV of the Third Amended Complaint gives rise to substantial grounds for disagreement because I reached a different conclusion when I ordered dismissal of the plaintiffs' complaint on *forum non conveniens* grounds in the related *In re Lac Megantic* litigation. *See In re Lac Megantic Litigation*, 1:16-cv-1001-JDL, ECF No.

29. CP's argument does not, however, identify a "difficult and pivotal question of law" that has gone unanswered by controlling authority. *In re Bank of New England Corp.,* 218 B.R. at 653 (emphasis omitted). Instead its argument highlights the different conclusions I reached in *In re Lac Megantic Litigation* and the Bankruptcy Court reached in this case after applying the same settled legal standard governing *forum non conveniens* established by the Supreme Court's opinion in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), and its progeny. *See In re Lac Megantic,* Case No. 1:16-cv-1001-JDL, ECF No. 29 at 18-22; *Keach v. Canadian Pacific Railway Company, et al.,* Adv. Proc. No. 14-1001, ECF No. 285 at 5-11 (citing *Gilbert,* 330 U.S. 501); *Iragorri v. Int'l Elevator, Inc.,* 203 F.3d 8, 12 (1st Cir. 2000)). This case and *In re Lac Megantic Litigation* arise out of the same tragic train derailment, but are quite different because they involve different parties, different theories of liability, and despite significant overlap, different factual questions. Given these differences, the *forums non conveniens* analysis in *In re Lac Megantic Litigation* is not determinative of the analysis applied in this case.

CP also argues that there are substantial grounds for disagreement concerning the Bankruptcy Court's conclusion that the Third Amended Complaint stated plausible factual allegations. However, CP's argument is limited to a single, conclusory sentence with no citation to the record or to legal authority. Moreover, a disagreement over the plausibility of certain factual allegations is precisely the sort of "garden variety legal argument" that does not meet the § 1292(b) standard. *See In re Bank of New England Corp.,* 218 B.R. at 653.

Accordingly, I conclude that the second § 1292(b) factor has not been satisfied.

11

### 3. Material Advancement of the Litigation

CP contends that granting interlocutory review of the Bankruptcy Court's decision would materially advance the ultimate resolution of this case, reasoning that this court will eventually engage in *de novo* review of CP's *forum non conveniens* and Rule 12(b)(6) objections on final appeal. Thus, according to CP, denial of an interlocutory appeal will require the parties to engage in discovery and pretrial motions practice that will be both time-consuming and expensive. However, granting interlocutory appeal will require the parties to brief and argue the *forum non conveniens* issue a second time, which would also be time-consuming and expensive. Further, if CP's reasoning is adopted, interlocutory review would be justified in virtually every case.

CP also argues that by the time a final appeal is heard, CP will already have been required to fully defend the case in this district, which would negate its *forum non conveniens* argument. ECF No. 7 at 8-9, ¶ 27 (citing *In re Lloyd's Register N. Am., Inc.,* 780 F.3d 283, 289-90 (5th Cir. 2015). While this point is well taken, it does not address the issue of the advancing of the litigation.

I conclude that the third § 1292(b) factor is neutral, and weighs neither for nor against granting CP's motion.

## II. CONCLUSION

"The movant bears the burden of persuasion under a § 1292(b) claim." *In re Kalian,* 191 B.R. at 278. Having explored the applicable factors, I conclude that CP has not met its burden of persuasion under § 1292(b) or the loosened § 158(a)(3) standard for granting interlocutory review of the Bankruptcy Court's decision.

CP's motion for leave to appeal the Bankruptcy Court's July 7, 2017, denial of its motions, or in the alternative, CP's objections (ECF No. 7) is **DENIED**.

**SO ORDERED.**

**Dated this 26th day of October 2017.**

                                                      **/s/ JON D. LEVY**
                                                    **U.S. DISTRICT JUDGE**